23 F.3d 401
NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
 HAMPTON AUDIO ELECTRONICS, INCORPORATED, Plaintiff-Appellant,
v.
CONTEL CELLULAR, INCORPORATED, Defendant-Appellee,
and
and Contel Corporation; Daniel C. King, Defendants.
 No. 93-1283.
 United States Court of Appeals, Fourth Circuit.
 Argued March 11, 1994.
Decided May 23, 1994.
 
 Appeal from the United States District Court for the Eastern District of Virginia, at Richmond. James R. Spencer, District Judge. (CA-89-604-R).
 Argued: Joseph William Kaestner, Kaestner & Associates, Richmond, VA, for appellant.
 Jack Edward McClard, Hunton & Williams, Richmond, VA, for appellee.
 On Brief: Elizabeth Denison, Kaestner & Associates, Richmond, VA, for appellant.
 R. Noel Clinard, Debbie G. Seidel, Hunton & Williams, Richmond, VA, for appellee.
 E.D.Va.
 AFFIRMED.
 Before RUSSELL and WIDENER, Circuit Judges, and CHAPMAN, Senior Circuit Judge.
 OPINION
 PER CURIAM:
 
 
 1
 Hampton Audio Electronics, Inc. brought suit seeking damages from Contel Cellular, Inc. for alleged violations of the Virginia Retail Franchising Act, Va Code Ann. Secs. 13.1.557-.574 (Michie 1993), and now appeals the district court's decision granting Contel Cellular's motion for summary judgment. We affirm.
 
 I.
 
 2
 The facts alleged by Hampton Audio are as follows:
 
 
 3
 Contel Cellular provides cellular telephone equipment and related services through independent agents and its own direct sales force. Since the 1970's Hampton Audio has been in the business of selling and installing car electronics equipment, such as car stereos and cruise control devices. In February 1986, Hampton Audio entered a one-year franchise agreement to become a nonexclusive sales representative of Contel Cellular. Hampton Audio also agreed to become a Contel Cellular installation facility, and made a significant investment in the location, equipment and personnel necessary to do so. The franchise agreement renewed automatically every year unless Contel Cellular gave 60 days notice.
 
 
 4
 In 1987, Contel Cellular proposed an amended franchise agreement which raised sales quotas, lowered commissions, and was otherwise less favorable to Hampton Audio. When Hampton Audio refused to sign the amended agreement, Contel Cellular caused Hampton Audio to relinquish various rights under the original franchise agreement. Specifically, Contel Cellular would not allow Hampton Audio to make its own decisions regarding pricing and the hiring and training of employees, used Hampton Audio's sales and revenue information for the benefit of Contel Cellular's direct sales force, prohibited Hampton Audio from dealing with multi-phone accounts and government contracts, coerced Hampton Audio into becoming a sub-agent of another sales representative, and refused to refer installation business to Hampton Audio. Despite these problems, the franchise relationship continued until Hampton Audio went out of business in 1988.
 
 
 5
 In 1989 Hampton Audio brought suit against Contel Cellular alleging violations of the Virginia and federal antitrust laws and the Virginia Retail Franchising Act ("VRFA"). Hampton Audio claimed its entire business failed because of Contel Cellular's VRFA violations and it was therefore entitled to damages for lost profits from both the cellular and electronics segments of its business.
 
 
 6
 The district court granted summary judgment on all counts. It dismissed the VRFA claim because it found there was no valid written contract between Hampton Audio and Contel Cellular as required by the statute. This court affirmed as to the antitrust counts, but reversed the dismissal of the VRFA count because it found disputed issues of material fact regarding the existence of the contract.
 
 
 7
 On remand the district court again granted Contel summary judgment on the VRFA claim because it found Hampton Audio had failed to establish damages or causation.
 
 II.
 
 8
 The VRFA provides that "it shall be unlawful for a franchisor ... to use undue influence to induce a franchisee to surrender any right given to him by any provision contained in the franchise." Va.Code Ann. Sec. 13.1-564 (Michie 1993). The Act further provides that "[a]ny franchisee ... who has suffered damages by reason of any violation of Sec. 13.1-564 may bring an action against its franchisor to recover the damages sustained by reason thereof." Va.Code Ann. Sec. 13.1-571 (Michie 1993). Thus, to recover under the VRFA a plaintiff must show that it has suffered damages and that those damages were caused by the defendants's use of undue influence to deny the plaintiff its rights under the franchise agreement. Assuming without deciding that Contel Cellular's actions constitute undue influence, summary judgment was nonetheless proper because Hampton Audio did not present sufficient evidence to establish damages or causation.
 
 
 9
 In its calculation of damages due to lost profits, Hampton Audio did not segregate damages based on the cellular portion of its business from those stemming from the electronics business, nor did it demonstrate how Contel Cellular's actions directed toward the franchise caused the electronics business to suffer lost profits. Hampton Audio neglected to provide records from which the profitability of the cellular business could reasonably be determined. Instead, it presented an estimate of the value of the business as a whole.
 
 
 10
 Regarding causation, Hampton Audio could not quantify the damages caused by Contel Cellular's violation of any particular franchise right. It made no attempt to eliminate other possible causes of the business failure, such as the economy.
 
 
 11
 "The plaintiff has the burden of proving with reasonable certainty the amount of damages and the cause from which they resulted; speculation and conjecture cannot form the basis of the recovery." Carr v. Citizens Bank & Trust Co., 325 S.E.2d 86, 90 (Va.1985) (citations omitted). Hampton Audio cannot meet this burden by merely listing Contel Cellular's alleged violations of the VRFA and estimating the value of its entire business, including activities distinct from the franchise. The district court correctly held that Hampton Audio did not demonstrate with reasonable certainty the amount of damages attributable to Contel Cellular's actions, and that the evidence of causation was merely speculative.
 
 
 12
 For the reasons stated herein and in the district court's Memorandum Opinion dated February 25, 1993, we find that the district court's grant of summary judgment was proper, and we affirm.
 
 
 13
 AFFIRMED.